# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

TERENCE MAYFIELD,                    :

      Petitioner,          :          Civil Action No. 10-04719
                                   Criminal Action No. 09-240
      v.                            :

                             :
UNITED STATES OF AMERICA,          **MEMORANDUM OPINION**
                             :
      Respondent.
                             :

Presently before the Court is Terence Mayfield's ("Mayfield") Petition to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255. Mayfield claims that his counsel was ineffective for failing to properly explain his Sentencing Guidelines exposure and other issues relating to restitution. The United States of America (the "Government") argues that Mayfield's Petition should be dismissed because of a clause contained in his plea agreement which specifically waives his right to file the instant petition. The Court has considered the written submissions of the parties, without an evidentiary hearing, and for the reasons set forth below, will deny the Petition.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On February 10, 2009, Mayfield entered into a Plea Agreement with the Government in which he pled guilty to a two count information alleging one count of mail fraud, a violation of 18 U.S.C. § 1341, and one count of wire fraud, a violation of 18 U.S.C. § 1343. See generally, Gov. Ex. A. In the Agreement, dated February 3, 2009, Mayfield waived certain rights including the right to file a motion under 28 U.S.C. §

2255." The Plea Agreement states that Mayfield "voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255 which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from a total Guidelines offense level of 26." Gov. Ex. A, ¶ 13.

On April 2, 2009, Mayfield entered a guilty plea before this Court. During the hearing, Mayfield confirmed that he understood that his plea contained a waiver that "only allows [him] to challenge [his] sentence if [the Court] impose[s] a prison term that is above [a Guideline Offense level of 26], or to challenge [the Court's] determination of [his] criminal history category." Gov. Ex. B, Tr. 11- 31. The Court determined that Mayfield's plea was entered "knowingly and voluntarily." Id. at 34.

On September 24, 2009, consistent with the Presentence Report and the terms of Mayfield's Plea Agreement, the Court calculated Mayfield's Offense Level as 26 and his Criminal History Category as III, resulting in the advisory Guideline Range of 78-97 months imprisonment. Gov. Answer p. 4. The Court sentenced Mayfield to a term of 97 months imprisonment on both counts, to be served concurrently. Id. at 4-5. Importantly, Mayfield was sentenced according to the offense level contemplated by the plea agreement (26), triggering the waiver provision. No direct appeal was filed.

Mayfield timely filed the present Petition to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255 on September 15, 2010. Dkt. Entry No 1. Mayfield asserts two grounds for relief: (1) ineffective assistance of counsel for failing to inform [Mayfield] that "pleading guilty in the state case while the federal case was going

would move [his] offense level to higher category'"; and (2) ineffective assistance of counsel for failing to "explain to the Court that [Mayfield's] [first] state case was restitution and [he had] paid back all but $3000." Petition p. 4. On February 22, 2011, the Government filed its Answer in opposition to Mayfield's Petition. Dkt. Entry No. 6.

## II. DISCUSSION

When reviewing a Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, the Court "must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." United States v. Booth, 432 F.3d 542, 545-546 (3rd Cir. 2005). The Court must also conduct an evidentiary hearing "unless the § 2255 petition, along with the underlying case record, show conclusively that the Petitioner is not entitled to relief." Walker v. United States, Civil No. 09-4967, 2010 WL 3636244, at *2 (D.N.J. September 8, 2010). Finally, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Fed. R. Governing § 2255 Proceedings 4(b).

Mayfield's Plea Agreement contained a waiver provision, which if valid, precludes the Court from considering the merits of his Petition. As a result, the Court will evaluate the enforceability of the waiver.

## A. Standard for Enforceability of Waiver

"Criminal defendants may waive both constitutional and statutory rights, provided they do so voluntarily and with knowledge of the nature and consequences of the waiver." United States v. Mabry, 536 F.3d 231, 236 (3d Cir. 2008). The Third Circuit

3

has held that a waiver of the right to appeal is valid "if [it is] entered into knowingly and voluntarily" and enforcement of the waiver will not cause a "miscarriage of justice." United States v. Khattak, 273 F.3d 557, 558, 562 (3rd Cir. 2001); see also Mabry, 536 F.3d at 236-7 (collecting cases).  The Court "has an affirmative duty both to examine the knowing and voluntary nature of the waiver and to assure itself that its enforcement works no miscarriage of justice, based on the record evidence before it." Id. (citing Khattak, 273 F.3d at 563).

Waivers of the right to file a motion pursuant to 28 U.S.C. § 2255 have been enforced using the Khattak standard. See United States v. Wilson, 429 F.3d 455, 461 n.6 (3d Cir. 2005); see also Baker v. United States, Civil Number 04-5641, 2007 WL 1071958, at *14 (D.N.J. Apr. 5, 2007) (collecting cases) ("The Court ... finds that the standard set forth by the Third Circuit in Khattak applies to waivers of the right to collaterally attack a sentence pursuant to § 2255").  Thus, the Court will consider whether Mayfield's waiver was made knowingly and voluntarily and, if so, whether enforcing the waiver will work a miscarriage of justice.

**B. Whether Mayfield's Waiver Was Made "Knowingily" and "Voluntarily"**

Mayfield bears the burden of demonstrating that his waiver was unknowing and involuntary.  Mabry, 536 F.3d at 237.  The record demonstrates that Mayfield knowingly and voluntarily waived his right to file the present petition.

First, Petitioner signed the plea agreement which contained explicit language waiving his right to collaterally attack his sentence.  Gov. Ex. A.  Second, during his plea colloquy the Court conducted an inquiry of Mayfield regarding his understanding of the waiver.  Mayfield "informed the Court that he understood his rights and was agreeing to

voluntarily waive certain rights to pursue an appeal." See Baker, 2007 WL 1071958, at

*4.  The Court specifically asked Mayfield during the plea colloquy if he understood his

rights: "[D]o you understand that if [the Court] impose[s] a term of imprisonment

within or below [the guideline] ranges by whatever guideline analysis [the Court]

think[s] appropriate, you will not be able to file an appeal, a § 2255 petition, writ or

motion or collateral attack, challenging your term of imprisonment?" See Gov. Ex. B, Tr.

p. 31.  Mayfield answered "yes." Id.; see also Prado v. United States, Civil No. 05-938,

2005 WL 1522201, *2 (D.N.J. June 27, 2005) (finding the waiver knowing where

petitioner signed the plea agreement and acknowledged that he understood its

implications on his right to appeal).

     The Court also inquired whether Mayfield discussed the waiver with his counsel

and if he was satisfied with counsel's explanation of the terms of the agreement.  Id.

Again, Mayfield answered "yes, " demonstrating that he knowingly and voluntarily

agreed to the waiver. Id.; see also Khattak, 273 F.3d at 563 (finding that a waiver of the

right to appeal is knowing and voluntary where the sentencing judge inquired as to

whether the defendant understood his rights and the defendant received a sentence

within the specified terms of the plea agreement).

     Finally, Petitioner presents no evidence suggesting that his waiver was entered

into unknowingly or involuntarily. Mabry, 536 F.3d at 237; see also, Baker, 2007 WL

1071958, at *5 (finding that "it is clear that Petitioner entered into [the] waiver

knowingly and voluntarily" because "Petitioner does not even allege, much less present

evidence, that his waiver was unknowing or involuntary").  As a result, the Court finds

Mayfield knowingly and voluntarily waived his right to file the present Petition.

### C. Whether Enforcement of The Waiver Will Result in a Miscarriage of Justice

Enforcement of Mayfield's waiver will not result in a miscarriage of justice.  To invalidate a knowing and voluntary waiver of post-conviction rights because of ineffective assistance of counsel, the petitioner must demonstrate that the "waiver or plea itself was tainted by ineffective assistance of counsel," as opposed to claiming that ineffective assistance of counsel occurred at the sentencing.  See Id.  The Third Circuit has explained that it is highly "unusual" to find the presence of an error that results in a miscarriage of justice.  Khattak, 273 F.3d at 562.

There is no evidence, and Mayfield has not alleged, that his counsel was ineffective in negotiating the waiver or the plea bargain.  Mason v. United States, 211 F.3d 1065, 1069 (7th Cir. 2000); see also United States v. White, 307 F.3d 306, 343 (5th Cir. 2002) ("[A]n ineffective assistance of counsel argument survives a waiver of appeal only when the claimed assistance directed affected the validity of that waiver or the plea itself.").  Moreover, there is nothing so "unusual" about Mayfield's waiver or his plea colloquy that would support a finding of a miscarriage of justice.  As a result, Mayfield's waiver is enforceable because his plea bargain was not tainted by his counsel's alleged ineffectiveness and enforcement of the waiver will not work a miscarriage of justice.

### III. CONCLUSION

The Court finds that Mayfield knowingly and voluntarily waived his right to file the present Petition and that enforcing the waiver will not work a miscarriage of justice.  Accordingly, the Mayfield's Petition is improper and the Court will not consider the

merits of his application.[1]  Mayfield's Petition to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255, is dismissed.

An appropriate Order shall issue.


  /s/ Joseph H. Rodriguez
HON. JOSEPH H. RODRIGUEZ
United States District Judge


DATED: September 8, 2011

---

[1] Even if the Court were to consider the merits of the Petition, the record does not demonstrate that Mayfield was prejudiced by his counsel's performance. See Strickland v. Washington, 466 U.S. 668, 688 (1984).  In addition, it does not appear that "his counsel's representation fell below an objective standard of reasonableness."  Id. Mayfield's sentence fell within the applicable Guideline range and Mayfield cannot show that he would have received a more favorable sentence if he had proceeded to trial. Thus, even if the Court were to consider the merits of the present Petition, Mayfield cannot prevail on his claim for ineffective assistance of counsel.